## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Robert Preshlock et al.

v.

Janet M. Brenner

Case No. (Chancery) 15003

By JUDGE ALFRED D. SWERSKY

August 8, 1988

This matter is before this Court after a trial on the merits of Complainants' Amended Bill of Complaint seeking to enjoin Defendant from interfering with their "free and dominant use" of a driveway and for the Court to determine that Complainants have acquired a prescriptive easement across the driveway. Defendant has filed a cross-bill requesting relief by way of reformation of Complainants' Quitclaim Deed and seeking money damages for damage to a fence alleged to be on her property. For the reasons that follow, Complainants will be awarded the relief they seek, and the relief sought by Defendants will be denied. In addition, Complainants' objections to Defendant's Exhibits D through K will be sustained on the grounds that they constitute settlement negotiations and are not relevant to the issues in this cause.

Complainants' evidence established that for twenty years or more they and their predecessors in title used and enjoyed a right of way over the property in question; that such use and enjoyment was adverse to Defendant and her predecessors in title, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of Defendant and her predecessors in title.

Complainants' witness, Walker, testified as to his use of the driveway to enter his property. His belief that the property was owned by another (the City of Alexandria) and his belief that he "had a right to use it" does not make his use any less adverse to the rights of Defendant and her predecessors in title. Walker's testimony does not give rise to a finding that he believed his use was consentual. *See, Clark v. Reynolds*, 125 Va. 626 at 629 (1919). Brenner and her predecessors were on notice of the use of their property, and no action was taken by them during the requisite twenty-year period.

The evidence of Complainants creates a *prima facie* case and shifts the burden of rebutting the presumption of a claim of right to the servient estate to show the use was permissive. *Craig v. Kennedy*, 202 Va. 654 (1961); *Powell v. Magee*, 191 Va. 315 (1950); *Clark v. Reynolds, supra*; *Rives v. Gooch*, 157 Va. 661 (1932). Defendant has offered no evidence on this point relying on Walker's testimony that he believed he had a right to use the property. Such evidence is insufficient to rebut the presumption.

Defendant, however, further argues that the use of the property, over which the City of Alexandria has an easement, was a public use by virtue of· evidence that pedestrians, walking along the City's easement as a short-cut, occasionally crossed the driveway. The requirement that complainants' use be exclusive does not mean that they be the only ones using the right of way but that their use is proprietary and not a use by the public generally. *Wade v. Moore*, 139 Va. 765 (1924). The public use of a part of the driveway as a shortcut is not inconsistent with Complainants' exclusive use as a driveway and for automobile access to the garage and to their property.

Defendant next argues that by virtue of the 1928 Deed of Easement to the City of Alexandria she retained no right in the property which Complainants could obtain by prescription. This position is inconsistent with her action in asserting dominion over the property by erecting a fence, attempting to landscape, and by attempting to bar Complainants' use of the right of way. Moreover, the Deed of Easement did not deprive the property owner of any fee simple rights which were consistent with the City's use, such as its use as a driveway or any other use which

did not prohibit the City from exercising its rights. It is ˙ particularly these residual fee simple rights that Complainants have claimed.

On Defendant's Cross-bill, as to the claim for money damages, judgment will be granted to the Cross-defendants and the claim denied. It does appear, however, that partial reformation of Complainants' Deed should be granted, insofar as it does purport to convey "all of Lot 28." Since Complainants have obtained only prescriptive rights, the fee simple to the southwest corner remains with Defendant.

## November 3, 1988

This matter was back before the court on Defendant's Motion for Clarification and for a determination as to whether or not Defendant is entitled to the relief sought in her cross-claim by way of reformation of the quitclaim deed from Complainant's predecessor in title to Complainant. Defendant is entitled to the relief sought in the counter-claim. The Motion to clarify the Court's ruling has been ruled on previously.

The deed in question conveys Walker's (Complainant's predecessor) interest in any portion of Defendant's lot which "lies on the land subject to an easement granted to the City of Alexandria." Such language is vague and overbroad and as such constitutes a cloud on Defendant's title. *Charles v. McClanahan*, 130 Va. 682 (1921).

In addition, the language of the final decree proposed by Complainant that this decree is "without prejudice to any further claims of adverse possession or prescription by Plaintiffs" will be struck and will not be part of any final decree entered by this Court.